**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117482

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

| | |
|---|---|
| Germa Cymonisse, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FBCS, Inc.,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Germa Cymonisse, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against FBCS, Inc. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New Jersey.

## PARTIES

5. Plaintiff Germa Cymonisse is an individual who is a citizen of the State of New Jersey residing in Bergen County, New Jersey.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant FBCS, Inc., is a Pennsylvania with a principal place of business in Montgomery County, Pennsylvania.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. The alleged Debt does not arise from any business enterprise of Plaintiff.

17. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated February 5, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

21. The Letter conveyed information regarding the alleged Debt.

22. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

24. The Letter was received and read by Plaintiff.

25. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

26. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

27. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

**FIRST COUNT**
**Violation of 15 U.S.C. §§ 1692e and 1692e(10)**

28. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

29. 15 U.S.C. §1692g(a)(3) requires to debt collector to: "Within five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing — a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

30. In this Circuit, a dispute of a debt, to be effective, must be in writing. *See Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142 (3d Cir. 2013).

31. The Letter states in part: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid."

32. The Letter fails to state explicitly that a dispute to be effective, must be in writing and sent to a listed address.

33. This could further confuse the least sophisticated consumer regarding the dispute's validity upon an oral communication of the same.

3

34. The failure to provide a proper 15 U.S.C. §1692g(a)(3) notice is a violation of the FDCPA.

35. A debt collector has the obligation not just to convey the 15 U.S.C. §1692g(a)(3) notice, but also to convey such clearly.

36. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

37. The Letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute must be in writing.

38. The least sophisticated consumer upon reading the Letter would likely be confused as to what she must do to effectively dispute the alleged debt.

39. The least sophisticated consumer upon reading the Letter would likely be unsure as to what she must do to effectively dispute the alleged debt.

40. The Letter did not convey the 15 U.S.C. §1692g(a)(3) notice clearly from the perspective of the least sophisticated consumer.

41. The Letter did not adequately set forth the 15 U.S.C. §1692g(a)(3) notice.

42. The Letter, because of the aforementioned failures, violates 15 U.S.C. §1692g(a)(3). *See Cadillo v. Stoneleigh Recovery Assocs., LLC*, No. CV 17-7472-SDW-SCM, 2017 WL 6550486 (D.N.J. Dec. 21, 2017), *motion to certify appeal denied,* No. CV177472SDWSCM, 2018 WL 702890 (D.N.J. Feb. 2, 2018).

43. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. While Section 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

45. A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

46. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

47. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

4

48. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

49. The least sophisticated consumer upon reading the Letter would likely be misled into believing that if she wished to effectively dispute the Debt she may notify Defendant by calling the telephone numbers listed, or write to Defendant at the address listed.

50. The least sophisticated consumer would likely be confused concerning whether, to dispute the debt, she may notify Defendant by calling the telephone numbers listed, or write to Defendant at the address listed.

51. The least sophisticated consumer would likely be uncertain concerning whether, to dispute the debt, she may notify Defendant by calling the telephone numbers listed, or write to Defendant at the address listed.

52. The least sophisticated consumer would likely be uncertain as to her rights.

53. The least sophisticated consumer would likely be confused as to her rights.

54. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

55. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

56. The least sophisticated consumer would likely be deceived by the Letter.

57. The least sophisticated consumer would likely be deceived in a material way by the Letter.

58. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

59. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e. *See Cadillo v. Stoneleigh Recovery Assocs., LLC*, No. CV 17-7472-SDW-SCM, 2017 WL 6550486 (D.N.J. Dec. 21, 2017), *motion to certify appeal denied,* No. CV177472SDWSCM, 2018 WL 702890 (D.N.J. Feb. 2, 2018).

60. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

## SECOND COUNT
## Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

61. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

62. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

63. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

64. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

65. N.J.S.A 2A:14-24 provides that no acknowledgment or promise by words can be deemed evidence of a new or continuing contract, unless such acknowledgment or promise shall be made or continued by or in some writing to be signed by the party chargeable thereby.

66. A payment made after the statutory period has run, can only revive the debt under two circumstances: "1) that the payment was partial; and 2) an act of declaration which establishes the debtor's recognition of, and intention to pay, the entire claim. *Cohen v. LTD Financial Services, LP*, 3:15-cv-07422-FLW-TJB.

67. Moreover, "[i]n addition to the requirement of a writing[,] it is also necessary that the acknowledgment relied upon be such as in its entirety fairly supports an implication of a promise to pay the debt immediately or on demand." *Denville Amusement Co. v. Fogelson*, 84 N.J. Super. 164, 170 (App. Div. 1964).

68. Specifically, N.J.S.A 2A:50-67 provides, "[i]n the absence of an express agreement between the parties to the contrary, a debtor may tender, and a lender may accept, partial payment of any sum owing and due without either party waiving any rights."

69. Therefore, under the New Jersey law a partial payment may not toll the statute of limitations on a time barred debt, unless it is supported by a promise to pay the debt immediately or upon a demand.

70. The Letter states, "The law limits how long you can be sued on a debt. Because of the age of your debt our client cannot sue you for it. You may renew the debt and the statute of limitations if you do any of the following: make any payments on the debt; sign a paper in which you admit that you owe the debt or in which you make a new promise to pay; sign a paper in which you give up or waive your right to stop the creditor from suing you in court to collect the debt."

6

71. The Letter inaccurately advises Plaintiff that making a partial payment on the alleged Debt will revive the payment obligations on the alleged time barred debt.

72. Under the New Jersey Statue, a partial payment is not enough to revive a time barred debt, unless it is supported by a promise to pay the debt immediately or upon a demand.

73. Collection letters are examined for purposes of 15 U.S.C. § 1692e under the "least sophisticated consumer" standard.

74. As a result of the omissions set forth above, the Letter would mislead the least sophisticated consumer to believe that a partial payment on the alleged debt, would restart the obligation to pay on the alleged Debt; and therefore, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

75. As a result of the omissions set forth above, the Letter would make the least sophisticated consumer uncertain or confused, as to the implications of making a partial payment on the alleged Debt; and therefore, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

76. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

**THIRD COUNT**
**Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)**

77. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

78. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

79. The written notice must contain the amount of the debt.

80. The written notice must contain the name of the creditor to whom the debt is owed.

81. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

82. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed,

the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

83. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

84. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

85. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

86. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

87. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

88. It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

89. It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

90. It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(4) statement.

91. It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(a)(4) statement.

92. It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(5) statement.

93. It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(a)(5) statement.

94. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a) statements.

95. It is a violation of the FDCPA to include language in the letter that, when examined

from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a) statements.

96. The Letter immediately under the validation notice states, "FBCS, Inc. is not obligated to renew this offer."

97. Allowing a consumer to dispute a debt is not an offer, but is a right under the FDCPA.

98. Allowing a consumer to dispute a debt is not an offer that must be renewed by a debt collector.

99. Allowing a consumer to demand and receive verification of a debt is not an offer, but is a right under the FDCPA.

100. Allowing a consumer to demand and receive verification of a debt is not an offer that must be renewed by a debt collector.

101. The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not obligated to accept disputes.

102. The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not required to obtain verification of the debt if requested.

103. The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not required to send the verification of the debt to Plaintiff.

104. The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not required to send information concerning the original creditor if requested by Plaintiff.

105. The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, would make the least sophisticated consumer unsure as to her right to dispute the debt.

106. The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, would confuse the least sophisticated consumer as to her right to dispute the debt.

107. "FBCS, Inc. is not obligated to renew this offer" in the above context, overshadows the required 15 U.S.C. § 1692g(a) statements.

108. "FBCS, Inc. is not obligated to renew this offer" in the above context, contradicts

the required 15 U.S.C. § 1692g(a) statements.

109. "FBCS, Inc. is not obligated to renew this offer" in the above context, when examined from the perspective of the least sophisticated consumer, overshadows the required 15 U.S.C. § 1692g(a) statements.

110. "FBCS, Inc. is not obligated to renew this offer" in the above context, when examined from the perspective of the least sophisticated consumer, contradicts the required 15 U.S.C. § 1692g(a) statements.

111. "FBCS, Inc. is not obligated to renew this offer" in the above context, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

112. "FBCS, Inc. is not obligated to renew this offer" in the above context, violates 15 U.S.C. § 1692g.

113. "FBCS, Inc. is not obligated to renew this offer" in the above context, violates 15 U.S.C. § 1692g(b).

114. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

115. While Section 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

116. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

117. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

118. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

119. "FBCS, Inc. is not obligated to renew this offer" in the above context, can be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

120. The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not obligated to accept disputes.

121. The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above

10

context, could lead the least sophisticated consumer to believe that Defendant is not required to obtain verification of the debt if requested.

122. The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not required to send the verification of the debt to Plaintiff.

123. The statement that, "FBCS, Inc. is not obligated to renew this offer" in the above context, could lead the least sophisticated consumer to believe that Defendant is not required to send information concerning the original creditor if requested by Plaintiff.

124. FBCS, Inc. is not obligated to renew this offer" in the above context, can be read inaccurately by least sophisticated consumer.

125. The Letter, as a result of the foregoing, is deceptive.

126. The Letter, as a result of the foregoing, constitutes a deceptive means to attempt to collect the Debt.

127. The Letter, as a result of the foregoing, violates 15 U.S.C. § 1692g(b).

128. The Letter, as a result of the foregoing, violates 15 U.S.C. § 1692e.

129. The Letter, as a result of the foregoing, violates 15 U.S.C. § 1692e(10).

130. For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

131. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New Jersey.

132. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

133. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

134. The Class consists of more than thirty-five persons.

135. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual

issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

136. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

137. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

138. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c. Finding Defendant's actions violate the FDCPA; and

    d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Granting Plaintiff's costs; all together with

    g. Such other relief that the Court determines is just and proper.

DATED: February 6, 2020

                                    **BARSHAY SANDERS, PLLC**

                                    By:  /s/ *Craig B. Sanders*
                                    Craig B. Sanders, Esquire
                                    100 Garden City Plaza, Suite 500
                                    Garden City, New York 11530
                                    Tel: (516) 203-7600
                                    Fax: (516) 706-5055
                                    csanders@barshaysanders.com
                                    *Attorneys for Plaintiff*
                                    Our File No.: 117482

